UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEDE BAKER | * | CIVIL ACTION NO. |
| | * | |
| v. | * | JUDGE: |
| | * | |
| SERGEANT EPHIA | * | MAGISTRATE JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes SEDE BAKER, a major, for all injuries he incurred as a result of the actions of Defendants herein in deliberate indifference to his constitutional rights or for negligent acts or other causes as follows:

1.

VENUE

Venue is proper in this jurisdiction, because the Louisiana State Penitentiary is located in this district and the Defendants are located in this District and the wrongful conduct occurred in this District.

2.

**JURISDICTION**

On August 20, 2015, all administrative procedures were exhausted on LSP-2015-0807.

3.

Parties

PLAINTIFF:

**MR. SEDE BAKER** is a major who is currently incarcerated at hard labor at the Louisiana State Penitentiary in Angola, DOC #468689, and who was an inmate at that facility during the time that he was injured.

4.

1)    **SERGEANT EPHIA**, a sergeant and resident of the State of Louisiana, and

an employee of LSP and/or the DOC, and amendable to personal service at LOUISIANA STATE PENITENTIARY (ANGOLA), West Feliciana Parish.

GENERAL ALLEGATIONS

5.

On or about March 23, 2015, SEDE BAKER was an inmate being held in custody at the Jaguar 1 Right Cell #8 of the Louisiana Department of Corrections at the LSP.

6.

SERGEANT EPHIA was working the dorm and had done the count and knew which inmate was in which cell.  She knew, or in the alternative, should have known that she could not allow an inmate into the cell of another inmate.

7.

SERGEANT EPHIA had a duty to protect SEDE BAKER who was on her tier from being attacked by another inmate.

8.

SERGEANT EPHIA had a duty to not allow others to enter the cell of SEDE BAKER on lock down.

9.

On or about November 14, 2011, around the time of yard call. Inmate Norton Hamilton was located in Cell #7 next to Cell #8.  SERGEANT EPHIA allowed Norton Hamilton to exit his cell, Cell #7.   Norton Hamilton had his hands wrapped up, which SERGEANT EPHIA could see.  Having his hands wrapped was a clear indication that Norton Hamilton intended to assault SEDE BAKER.

10.

Inmate Norton Hamilton then stood in front of Cell 8 on Jaguar Dorm and then told SERGEANT EPHIA "Pop Cell # 8", which the SERGEANT EPHIA did so to allow Norton Hamilton to enter  Cell #8 and assaulted SEDE BAKER.

2

11.

In the alternative, to the extent Sergeant EPHIA did not realize Norton Hamilton was seeking to enter the wrong cell, she was grossly negligent in failing to merely check the log especially where Norton Hamilton had cloth wrapped around his hands on a lock down dorm at a maximum security dorm.

12.

SEDE BAKER was asleep on his bunk in cell #8 when he was attacked and injured

13.

SERGENAT EPHIA then closed Cell #8 with Hamilton inside assaulting SEDE BAKER.

14.

SERGEANT EPHIA took these actions knowingly and willfully in violation of BAKER SEDE'S rights. Such acts were through a deliberate indifference to the safety of BAKER SEDE and constitute a failure to protect.

15.

SERGEANT EPHIA then walked away. Finally Lt. Col. Smith came and opened the cell door and pulled Hamilton out of the cell.

16.

Norton Hamilton kicked SEDE BAKER'S shoulder multiple times dislocating it. The shoulder and arm do not properly function. SEDE BAKER experiences numbness in his hand and frequent headaches.

17.

Plaintiff required medical attention for the injuries sustained because of the violation of his rights for injuries including but not limited to the following:

a.      shoulder injury;

b.      injury to scapula;

c.    neck injury;

d.    back injury;

e.    loss of feeling in hand(s);

f.    blurred vision;

g.    ringing in ear(s);

h.    bruising; and

i.    headaches.

18.

It was not objectively reasonable to allow an inmate with his hands wrapped in cloth to enter the cell of a sleeping inmate.

19.

Defendant acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

20.

The following claims for relief are pled collectively and in the alternative.

21.

FIRST CLAIM FOR RELIEF

**VIOLATION OF CIVIL RIGHTS**

Plaintiffs seeks relief pursuant to 42 USC § 1983.

Under the color of State and local law, SEDE BAKER's 4th and/or 8th Amendment right to be free from cruel and unusual punishment and use of excessive force while being detained or incarcerated.

22.

In the alternative and out of an abundance of caution, the Plaintiff here asserts a violation of his 4th and 8th Amendment right to be free from cruel and unusual punishment pursuant to 42 USC § 1983.  Defendant(s) exceeded constitutional limitations that arose

under circumstances that constitute an usual and recurring situation with which a prison official/guard must deal.   The extent of the force used demonstrates a deliberate indifference on the part of the Defendant toward inmates and there is a direct causal link between the constitutional deprivation and the suffering of the Plaintiff herein.

23.

Plaintiff seeks relief in the form of attorneys fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 28 USC § 1983, *et seq*.

24.

SECOND CLAIM FOR RELIEF

**NEGLIGENCE**

In the alternative, the DEFENDANT knew or should have known that allowing an inmate with his hands wrapped in cloth into the cell of a sleeping inmate would result in the sleeping inmate being assaulted.

25.

Plaintiff seeks relief under La. C.C. arts. 2315 and 2321 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein, and article 2317 and, in the alternative, for intentional infliction of emotional distress.

26.

DAMAGES

Plaintiff, itemizes his damages including but not limited to the following:

a.      Bodily injuries, pain and suffering - past, present, and future;

b.      Mental anguish and distress - past, present, and future;

c.      Medical and pharmaceutical expenses - past, present, and future;

d.      Apprehension of insufficient medical attention to his injury;

e.      Permanent impairment and disability;

f.      Fear and fright; embarrassment, humiliation, and aggravation;

g.      Loss of ability to participate in normal activities; and

h.      Continual pain and suffering in an amount proper in the premise.

WHEREFORE SEDE BAKER prays that SERGEANT EPHIA be cited to appear and answer; that SEDE BAKER be properly noticed of all hearings and dates; and that, after due proceedings herein, the defendant(s) be cast in judgment unto SEDE BAKER for damages, cost, interest from date of demand, and attorney fees as may be allowed by law under any theory of law as expressly pled herein or as may be applicable to the facts pled.

Respectfully submitted:

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com