UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEDE BAKER** | **CIVIL ACTION** |
| **VERSUS** | |
| **SERGEANT TYRANISSUIN EPHION** | **NO. 15-838-BAJ-RLB** |

**ORDER**

Before the Court is Defendant's Motion to Stay Discovery (R. Doc. 71) filed on June 5, 2017. The Motion is opposed. (R. Doc. 73). Defendant has filed a Reply. (R. Doc. 78).

Also before the Court is Plaintiff's Motion for Leave to File Sur-Opposition to Stay Discovery (R. Doc. 76) filed on June 25, 2017.

**I.     Background**

On December 14, 2015, Sede Baker ("Plaintiff") initiated this action, alleging that while incarcerated at the Louisiana State Penitentiary ("LSP") a prison guard identified as "Sergeant Ephia" violated Plaintiff's civil rights by allowing another inmate into his cell who attacked and injured him. (R. Doc. 1).

The Court allowed Plaintiff to conduct limited third-party discovery to obtain the last known address of the named defendant (R. Doc. 16) and, having learned that the named defendant was not located in the Louisiana Department of Corrections ("DOC") records, to conduct limited third-party discovery to obtain the identity of the correct defendant (R. Doc. 28).

On July 22, 2016, the Court allowed Plaintiff to file an Amended Complaint for Damages (R. Doc. 35) naming Sergeant Tyranissuin Ephion ("Defendant") as the correct defendant. (R. Doc. 36). Plaintiff then served a subpoena on the DOC to obtain Defendant's last known address. (R. Doc. 42). Defendant was served on November 14, 2016. (R. Doc. 48).

Defendant, proceeding *pro se* at the time, answered the allegations in the Amended Complaint. (R. Doc. 51; *see* R. Doc. 55).

On April 6, 2017, the Court issued an order allowing counsel to enroll for Defendant. (R. Doc. 60). Defendant then filed an Amended Answer and Affirmative Defenses. (R. Doc. 68).

On May 5, 2017, the Court issued a Scheduling Order providing, among other things, that the deadline to complete all discovery is November 30, 2017; the deadline to file dispositive motions is December 29, 2017; and that trial will commence on July 16, 2018. (R. Doc. 65).

On May 25, 2017, Defendant moved for summary judgment on the basis that Plaintiff failed to exhaust all available administrative remedies prior to filing the suit as required by 42 U.S.C. § 1997e(a). (R. Doc. 70). Plaintiff has opposed the motion. (R. Doc. 72). There is no dispute between the parties that on March 29, 2015, LSP received an Administrative Remedy Procedure ("ARP"), assigned ARP No. LSP-2015-0807, from the Plaintiff regarding this lawsuit as it pertains "to an alleged breach of security." (R. Doc. 70-2 at 1; R. Doc. 72-1 at 1). Defendant's motion for summary judgment is pending before the district judge.

On June 5, 2017, Defendant filed her motion to stay discovery. (R. Doc. 71).

**II.    Law and Analysis**

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "A trial court has broad

discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

     Defendant has not provided any particular and specific facts demonstrating that discovery in this action while her motion for summary judgment is pending would result in annoyance, embarrassment, oppression, or undue burden or expense. In support of a stay of discovery, Defendant merely asserts that "she should not be subjected to discovery burdens until the issue of exhaustion is resolved" and that Plaintiff will not be prejudiced because Defendant has "already produced some relevant documents associated with this case." (R. Doc. 71-1 at 2). In opposition to the motion to stay discovery, Plaintiff argues that certain discovery is needed in this action that "may bear on the merits of the summary [judgment] filed in this matter as no discovery has transpired in this case." (R. Doc. 73). In reply, Defendant again asserts that Plaintiff did not exhaust all of his administrative remedies as to his Eighth Amendment and excessive force claims, and that various documents obtainable in discovery have already been filed into the record. (R. Doc. 78). Defendants' stereotyped and conclusory arguments do not support in support a finding that a stay of discovery is merited.

     Upon review of Plaintiff's proposed Sur-Opposition (R. Doc. 76-2), the Court concludes that Plaintiff's Sur-Opposition likewise provides no additional information relevant to a determination of whether to stay discovery in this action.

     Plaintiff commenced this action on December 14, 2015. The parties have not yet engaged in substantive discovery. Having considered the record as a whole, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the

current practice in this district, the Court concludes that Defendant has not met her burden of establishing that a stay of discovery in this action is merited pending the resolution of her motion for summary judgment.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 71) is **DENIED**. Nothing in this Order shall be interpreted as ruling on the merits of the pending motion for summary judgment or otherwise staying a ruling on the pending motion for summary judgment for the purpose of conducting additional discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur-Opposition to Stay Discovery (R. Doc. 76) is **DENIED.**

Signed in Baton Rouge, Louisiana, on July 17, 2017.

   _____
   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**