UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEDE BAKER                                                       CIVIL ACTION

VERSUS

                                                                          NO. 15-838-BAJ-RLB

SERGEANT TYRANISSUIN EPHION

# ORDER

Before the Court is Defendant's Second Motion to Stay Discovery (R. Doc. 82) filed on August 9, 2017. The Motion is opposed. (R. Doc. 83).

## I. Background

On December 14, 2015, Sede Baker ("Plaintiff") initiated this action, alleging that while incarcerated at the Louisiana State Penitentiary ("LSP") a prison guard identified as "Sergeant Ephia" violated Plaintiff's civil rights by allowing another inmate into his cell who attacked and injured him. (R. Doc. 1).

The Court allowed Plaintiff to conduct limited third-party discovery to obtain the last known address of the named defendant (R. Doc. 16) and, having learned that the named defendant was not located in the Louisiana Department of Corrections ("DOC") records, to conduct limited third-party discovery to obtain the identity of the correct defendant (R. Doc. 28).

On July 22, 2016, the Court allowed Plaintiff to file an Amended Complaint for Damages (R. Doc. 35) naming Sergeant Tyranissuin Ephion ("Defendant") as the correct defendant. (R. Doc. 36). Plaintiff then served a subpoena on the DOC to obtain Defendant's last known address. (R. Doc. 42). Defendant was served on November 14, 2016. (R. Doc. 48).

Defendant, proceeding *pro se* at the time, answered the allegations in the Amended Complaint. (R. Doc. 51; *see* R. Doc. 55).

On April 6, 2017, the Court issued an order allowing counsel to enroll for Defendant. (R. Doc. 60). Defendant then filed an Amended Answer and Affirmative Defenses. (R. Doc. 68).

On May 5, 2017, the Court issued a Scheduling Order providing, among other things, that the deadline to complete all discovery is November 30, 2017; the deadline to file dispositive motions is December 29, 2017; and that trial will commence on July 16, 2018. (R. Doc. 65).

On May 25, 2017, Defendant moved for summary judgment on the basis that Plaintiff failed to exhaust all available administrative remedies prior to filing the suit as required by 42 U.S.C. § 1997e(a). (R. Doc. 70). Plaintiff has opposed the motion. (R. Doc. 72). There is no dispute between the parties that on March 29, 2015, LSP received an Administrative Remedy Procedure ("ARP"), assigned ARP No. LSP-2015-0807, from the Plaintiff regarding this lawsuit as it pertains "to an alleged breach of security." (R. Doc. 70-2 at 1; R. Doc. 72-1 at 1). Defendant's motion for summary judgment is pending before the district judge.

On June 5, 2017, Defendant filed her first motion to stay discovery. (R. Doc. 71). The Court denied the motion. (R. Doc. 79).

On August 9, 2017, Defendant filed her second motion to stay discovery. (R. Doc. 82).

## II. Law and Analysis

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "A trial court has broad

discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

In this renewed Motion, Defendant argues that discovery should be stayed in this action because she is "now a resident of the state of Georgia" and "ongoing discovery will undoubtedly create an undue burden and an undue expense for" Defendant and her family should she be required to travel to Louisiana for a deposition. (R. Doc. 82-1 at 3).

Rule 30 of the Federal Rules of Civil Procedure does not prevent Plaintiff from designating any place he chooses for the taking of Defendant's deposition. That said, the Court may require Defendant's deposition to take place near her residence or place of employment to protect her from undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1); *see also In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("[B]ecause a non-resident defendant ordinarily has no say in selecting a forum, an individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected. Accordingly, courts have held that defendant-deponents located outside the forum district's subpoena power should ordinarily be deposed near their place of residence absent 'exceptional or unusual circumstances.'"); *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970) ("Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual

3

circumstance to justify putting the defendant to such inconvenience."). Accordingly, if Plaintiff is unable to agree with the Defendant as to where the deposition will take place, and should choose to notice Defendant's deposition to take place in Louisiana, then Defendant may seek a protective order requiring her deposition to be relocated to somewhere near her residence or place of employment in Georgia.[1] A stay of all discovery in this action, however, would be a disproportionate form of relief to address the undue burden and expense resulting from a single deposition.

Defendant further argues that no additional discovery is required to rule on the pending motion for summary judgment. (R. Doc. 82-1 at 3-4). Plaintiff, however, has asserted that additional discovery is required to address the pending motion for summary judgment. (R. Doc. 72). Regardless of whether the district judge will require additional discovery to be conducted prior to ruling on the summary judgment motion, the fact remains that Plaintiff commenced this action on December 14, 2015, and the parties have not yet engaged in substantive discovery. Accordingly, a stay of discovery in this action pending resolution of the motion for summary judgment would unduly delay the resolution of this action.

Having considered the record as a whole, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district, the Court again concludes that Defendant has not met her burden of establishing that a

---

[1] The Court is not certain, however, that this case does not present unusual or exceptional circumstances. Plaintiff is proceeding as a pauper in this matter and the Defendant was present in this district when this action was commenced. The Defendant's relocation to Georgia was not mentioned in the first Motion to Stay, so the Court assumes that the Defendant remained present in Louisiana at that time. During that time period, the Scheduling Order was in place and Plaintiff attempted to obtain deposition dates for the Defendant on three occasions (R. Docs. 89-3 to 89-5). Discovery has never been stayed and the only request to do so was denied. All of this occurred during the summer months, so any undue burden due to Defendant's "young children currently enrolled in school in Georgia" (R. Doc. 82-1 at 3) appears to be a result of Defendant and her counsel's actions.

4

stay of discovery in this action is merited pending the resolution of her motion for summary judgment.

### III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Second Motion to Stay Discovery (R. Doc. 82) is **DENIED**.  Nothing in this Order shall be interpreted as ruling on the merits of the pending motion for summary judgment or otherwise staying a ruling on the pending motion for summary judgment for the purpose of conducting additional discovery.  Furthermore, nothing in this Order shall be interpreted as granting a protective order regarding the location of Defendant's deposition.

Signed in Baton Rouge, Louisiana, on August 31, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**