UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEDE BAKER** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 15-838-BAJ-RLB** |
| **SERGEANT TYRANISSUIN EPHION** | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery (R. Doc. 88) filed on August 16, 2017. The motion is opposed. (R. Doc. 104).

The Court held oral argument on September 8, 2017. (R. Doc. 109).

## I. Background

The instant discovery dispute concerns written discovery propounded by Plaintiff on February 7, 2017. (R. Doc. 88-3).

On May 15, 2017, defense counsel wrote Plaintiff's counsel, asserting that responses to the discovery propounded would not be provided until June 5, 2017, or 30 days after the issuance of the Court's Scheduling Order on May 5, 2017. (R. Doc. 104-1).

On May 25, 2017, Defendant moved for summary judgment on the basis that Plaintiff failed to exhaust all available administrative remedies prior to filing the suit as required by 42 U.S.C. § 1997e(a). (R. Doc. 70). Plaintiff has opposed the motion. (R. Doc. 72).

On June 5, 2017, Defendant filed a motion to stay discovery pending resolution of her motion for summary judgment. (R. Doc. 71). The Court denied the motion on July 17, 2017. (R. Doc. 79).

On July 24, 2017, defense counsel informed Plaintiff's counsel that the filing of Defendant's motion to stay discovery "inevitably stayed discovery until an Order was entered on

July 17, 2017." (R. Doc. 104-2). Based on the foregoing, defense counsel asserted that Defendant's discovery responses would not be provided until August 16, 2017. (R. Doc. 104-2). Defense counsel further asserted that Plaintiff's counsel's attempts at scheduling a Rule 37 discovery conference were premature and that defense counsel did not agree to a date for such a conference. (R. Doc. 104-2).

On August 1, 2017, Defendant provided responses to Plaintiff's discovery requests. (R. Doc. 88-4).

Plaintiff's counsel sent an email and fax to defense counsel dated August 14, 2017, which outlined various alleged deficiencies with the discovery responses, and requested a discovery conference to be held on August 16, 2017 at 10:00 a.m. (R. Doc. 88-7). Defendant asserts that her counsel received the letter on August 15, 2017. (R. Doc. 104 at 3).

On August 16, 2017, Plaintiff's counsel then attempted to hold a discovery conference as unilaterally scheduled. (R. Doc. 88-6 at 1-2). Defense counsel responded by stating that she was "not available for said conference today and will advise when I am available at a later date." (R. Doc. 88-6 at 1). When Plaintiff's counsel sought an actual date for a discovery conference, defense counsel responded that providing a date for a discovery conference was not a "pressing matter" in light of the discovery deadline in late November and other work obligations. (R. Doc. 88-6 at 1).

Later that afternoon, Plaintiff filed the instant motion to compel discovery. (R. Doc. 88). Defendant opposes the motion on the basis that the responses provided are valid, and Plaintiff did not confer or attempt to confer with Defendant in good faith prior to filing the motion to compel. (R. Doc. 104).

Prior to and during oral argument held on September 8, 2017, defense counsel produced additional documents. (R. Doc. 109 at 1). Plaintiff's counsel indicated at oral argument that certain issues regarding Plaintiff's motion to compel may be rendered moot in light of the supplemental productions. (R. Doc. 109 at 1).

**II.     Law and Analysis**

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Plaintiff submitted a "Rule 37 Certificate on Motion to Compel" with her motion. (R. Doc. 88-5). In relevant part, that document certifies that (1) Plaintiff's counsel sent a letter to defense counsel on August 14, 2017 to schedule a discovery conference; (2) Plaintiff's counsel attempted to hold the discovery conference on August 16, 2017 as unilaterally scheduled, but defense counsel would not provide a date to hold a discovery conference; and (3) Defendant had delayed responding to the discovery requests until August 1, 2017, after the deadline to amend the pleadings. (R. Doc. 88-5 at 1).

The foregoing certificate does not satisfy the requirements of Rule 37(a)(1). Plaintiff does not include a certification that she "in good faith conferred or attempted to confer" with

3

Defendant with regard to the discovery requests at issue.  Furthermore, the record indicates that Plaintiff's counsel unilaterally set a discovery conference just one or two days prior to the time it was to be held, and then filed the instant motion after defense counsel stated she was unavailable for the conference.  To be clear, defense counsel was wrong in asserting that Defendant's discovery obligations were "stayed" by the filing of her motion to stay.  Nevertheless, while the Court finds disconcerting defense counsel's failure to prioritize the scheduling of a discovery conference with regard to discovery propounded in this action, the record indicates that Plaintiff's counsel did not attempt to schedule a discovery conference in good faith prior to the filing of the instant motion to compel.

The Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes.  At a minimum, counsel should attempt to schedule a conference, by phone, on a specific date and time to attempt to resolve any discovery issue directly.  The unilateral scheduling of a discovery conference just one or two days before the scheduled conference will almost invariably be found to be made in bad faith.

Given that Defendant has produced additional documents, it is possible that some or all of the issues raised in the instant motion to compel will be rendered moot.  To the extent certain responses remain deficient, Counsel is advised that prior to seeking any relief on a discovery issue in this matter, the attorneys are required first to confer in an attempt to resolve such dispute without court intervention.  Should the parties be unable to resolve the dispute, any Rule 37 certificate shall specifically set forth (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the

specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 88) is **DENIED** without prejudice to refile after the parties hold a proper Rule 37 discovery conference.

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, any future motion to compel filed in this action must include a Rule 37(a)(1) certificate setting forth the following: (1) how the conference was scheduled and agreed upon; (2) who participated in the conference; (3) when the conference took place; (4) whether the conference was conducted by phone or in person; (5) the duration of the conference; (6) the specific, itemized topics that were addressed at the conference; and (7) whether any issues were resolved by the parties.

Signed in Baton Rouge, Louisiana, on September 11, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**