UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SEDE BAKER | CIVIL ACTION |
| VERSUS | |
| SERGEANT TYRANISSUIN EPHION | NO. 15-838-BAJ-RLB |

## ORDER

Before the Court is Defendant's Motion to Stay Discovery (R. Doc. 99) filed on September 1, 2017. The motion is opposed. (R. Doc. 107).

### I. Background

On December 14, 2015, Sede Baker ("Plaintiff") initiated this action, alleging that while incarcerated at the Louisiana State Penitentiary ("LSP") a prison guard identified as "Sergeant Ephia" violated Plaintiff's civil rights by allowing another inmate into his cell who attacked and injured him. (R. Doc. 1).

On July 22, 2016, the Court allowed Plaintiff to file an Amended Complaint for Damages (R. Doc. 35) naming Sergeant Tyranissuin Ephion ("Defendant") as the correct defendant. (R. Doc. 36).

Defendant, proceeding *pro se* at the time, answered the allegations in the Amended Complaint. (R. Doc. 51; *see* R. Doc. 55).

On April 6, 2017, the Court issued an order allowing counsel to enroll for Defendant. (R. Doc. 60). Defendant then filed an Amended Answer and Affirmative Defenses. (R. Doc. 68). Defendant specifically raised the defense of qualified immunity. (R. Doc. 68 at 2).

On May 5, 2017, the Court issued a Scheduling Order providing, among other things, that the deadline to complete all discovery is November 30, 2017; the deadline to file dispositive motions is December 29, 2017; and that trial will commence on July 16, 2018. (R. Doc. 65).

On May 25, 2017, Defendant moved for summary judgment on the basis that Plaintiff failed to exhaust all available administrative remedies prior to filing the suit as required by 42 U.S.C. § 1997e(a). (R. Doc. 70). Plaintiff has opposed the motion. (R. Doc. 72). The motion is pending before the district judge.

On June 5, 2017, Defendant filed a motion to stay discovery pending resolution of her motion for summary judgment. (R. Doc. 71). The Court denied the motion. (R. Doc. 79).

On August 9, 2017, Defendant filed a second motion to stay discovery pending resolution of her motion for summary judgment. (R. Doc. 82). The Court denied the motion. (R. Doc. 97).

On September 1, 2017, Defendant filed a motion to dismiss on the basis that Plaintiff failed to state a claim pursuant to the Eighth Amendment, and on the basis that Defendant is entitled to qualified immunity from Plaintiff's claim for damages against her in her individual capacity. (R. Doc. 98). The motion is opposed. (R. Doc. 108). The motion is pending before the district judge.

Defendant also filed the instant motion to stay discovery on September 1, 2017, this time on the basis that Defendant has raised the issue of qualified immunity in her motion to dismiss. (R. Doc. 99). Plaintiff opposes the motion on the sole "basis that it is the third motion to stay filed in this matter." (R. Doc. 107).

**II.     Law and Analysis**

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s

2

"good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). As clarification, the Court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't*

3

*Servs.*, 41 F.3d 991, 994 (5th Cir. 1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed."). This heightened pleading standard requires the plaintiff "to allege the particular facts forming the basis of his claim, including those preventing [the individual defendant] from successfully maintaining a qualified immunity defense." *Wicks*, 41 F.3d 994-995. "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the individual defendant] violated clearly established statutory or constitutional rights." *Id*. at 995.

Plaintiff has not raised a substantive basis for denying the instant motion. Defendant's prior motions to stay discovery did not raise Defendant's defense of qualified immunity. The fact that Defendant raised the issue of qualified immunity as a basis for seeking a stay of discovery in her third motion does not, without more, warrant a denial of Defendant's motion.

**III.    Conclusion**

Based on the foregoing, the Court concludes that a stay of discovery in this action is warranted in light of Defendant's asserted qualified immunity defense.

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (R. Doc. 99) **GRANTED.** The parties are to contact the undersigned **within 7 days** of the district judge's ruling on the pending motion to dismiss (R. Doc. 98), so that a status conference may be set to discuss the need for modification of the current deadlines.

Signed in Baton Rouge, Louisiana, on September 11, 2017.

                                                                                    _____
                                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                                    **UNITED STATES MAGISTRATE JUDGE**