UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEDE BAKER                                            CIVIL ACTION

VERSUS

TYRANISSUIN EPHION ET AL.               NO.: 15-00838-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 153)** filed by Defendants Sergeant Tyranissuin Ephion ("Ephion"), Lieutenant Colonel Paul Smith ("Smith"), Lieutenant Jeffrey Franklin ("Franklin"), and Sergeant F. Vannorman ("Vannorman"). Plaintiff filed a response. (Doc. 157). For the reasons stated herein, the **Motion for Summary Judgment (Doc. 153)** is **GRANTED**.

I.     BACKGROUND

On March 23, 2015, Plaintiff was an inmate incarcerated at the Louisiana State Penitentiary in Angola. (Doc. 158-1 at pp. 2-3). At roughly 8:40 a.m. the inmates in the Jaguar Dorm, where all Defendants were posted, were released from their cells for yard call. (*Id.* at p. 3). Plaintiff alleges that he was asleep in his cell at the time. (Doc. 158-2 at p. 1). Plaintiff's evidence supports two scenarios as to what occurred next. In the first scenario, inmate Norton Hamilton entered Plaintiff's cell while the cell doors remained opened for yard call. (*Id.*). In the second scenario, Ephion, who was working in the unit at the time, shut the cell doors with Plaintiff still inside and then, upon Hamilton's request, allowed Hamilton to enter Plaintiff's cell. (Doc. 158-4 at p. 2). Either way, both parties agree that after Hamilton entered

1

Plaintiff's cell, the two engaged in a physical alteration which allegedly resulted in Plaintiff suffering a dislocated shoulder, numbness in his hand, and continuing headaches. (Doc. 159-1 at pp. 4-5). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights. Plaintiff also brings a state law claim for negligence.

II.  **LEGAL STANDARD**

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. DISCUSSION

  A. § 1983 Claims

Defendants assert that Plaintiff has failed to state a claim for each of his §1983 claims. The Court addresses each claim below.

  1. *Fourth Amendment Violations*

Plaintiff asserts a Fourth Amendment claim in his complaint.[1] (Doc. 1 at p. 4). Plaintiff's opposition to summary judgment acknowledges that the facts in the record do not support such a claim. (Doc. 158 at p. 10). Accordingly, Plaintiff's Fourth Amendment claims against all Defendants are dismissed.

---

[1] Plaintiff seems to assert a Fourth Amendment "right to be free from cruel and unusual punishment and use of excessive force" in his complaint. (Doc. 1 at p. 4).

## 2. *Eighth Amendment Violations*

### a. Ephion

Plaintiff alleges that Ephion violated his Eighth Amendment right to be free from cruel and unusual punishment. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners."[2] *Edmond v. Eaves*, 70 Fed. Appx. 159, 160 (5th Cir. 2003). To successfully assert a § 1983 failure to protect claim, a prisoner must show (1) that he was "incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendant prison official's state of mind was one of deliberate indifference to the prisoner's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As noted above, Plaintiff provides evidence which supports two competing versions of facts as to what occurred on the date of the incident. In the first version, Ephion opened the cell doors in the Jaguar dorm for yard call, after which Hamilton entered Plaintiff's cell. (Doc. 158 at p. 2). Ephion closed the cell doors without checking to determine if the cells were empty, trapping Plaintiff inside with Hamilton. (*Id.*) Hamilton then attacked Plaintiff. (*Id.*) These facts do not support a finding of deliberate indifference on Ephion's part. Plaintiff admitted in his own affidavit that Ephion merely failed "to make sure everyone was out" before she closed the cell door. (Doc. 156-4 at p. 1). Moreover, Plaintiff does not allege, and the facts do not support, that Ephion shut the doors knowing that an altercation would occur. As

---

[2] The Court notes that although Plaintiff also makes both Eighth Amendment excessive force claim and failure to protect claims in his complaint, he acknowledges in his opposition to summary judgment that the facts do not support an excessive force claim. (Doc. 156-2 at p. 10). Thus, the Court finds no need to address Plaintiff's excessive force allegations.

4

such, Ephion's actions amount to, at most, negligence. "The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983." *Robertson v. LeBlanc*, Civ. A. No. 13-171-SDD-RLB, 2014 WL 688979, at *4 (M.D. La. Feb. 20, 2014) (citing *Davidson v. Cannon*, 474 U.S. 344, 347-48, (1986)). Plaintiff's alleged facts do not establish anything beyond negligence, such as maliciousness, willfulness, or a callous disregard for Plaintiff's safety, any of which would suffice to support a failure to protect claim. *Lucken v. Lynaugh*, 98 F.3d 1339 (5th Cir. 1996).

Alternatively, Plaintiff appears to assert that Ephion, after opening the cell doors for yard call, shut the doors while Plaintiff remained in his cell. At some point, Hamilton arrived beside Plaintiff's cell and told Ephion to open Plaintiff's cell. Hamilton then ran into the cell and Ephion shut the cell door with both individuals inside. Thereafter, Hamilton attacked Plaintiff. (Doc. 158-4 at p. 2). Taking this scenario as true, Plaintiff still has not provided enough evidence to support a finding of failure to protect. There is no indication that Ephion knew that Hamilton sought to attack Plaintiff. In fact, the inmate affidavits Plaintiff submitted indicate that Ephion mistakenly believed that Hamilton was trying to return to his own cell.[3] (Doc. 158-4 at p. 2 ("I heard the female officer ask a[n] inmate, 'What cell are you in?' [Hamilton] yelled to the female officer 'I'm in Cell [Eight]'"); Doc. 158-5 at p. 1

---

[3] The Court notes that Plaintiff provides the testimony of a single inmate who asserts that Ephion shut the cell door with Hamilton inside, knowing that it was not his cell. The Court does not find the inmate's statement to be competent summary judgment evidence because the inmate's affidavit is devoid of facts as to how the inmate knew of Ephion's mental state upon shutting the cell door. *See* Fed. R. Civ. P. 56 ("An affidavit... used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). The assertions in the affidavit are merely speculative.

5

("Hamilton told the foreman to open [his] cell back up so he [could] get something")). Plaintiff argues that it was Ephion's responsibility to check the logs to make sure Hamilton was returned to the proper cell. (Doc. 1 at p. 3). While this may be true, Ephion's failure to do so still amounts to negligence at most, which falls short of deliberate indifference.

Plaintiff contends that Ephion knew or should have known that Hamilton sought to attack someone because his hands were wrapped, which is indicative of an inmate's intent to fight. (Doc. 158-1 at p. 5). The Court finds this to be unpersuasive. Plaintiff has not offered evidence proving the fact that an inmate who has wrapped his hands necessarily indicates an intent to start a physical alteration. Morever, Defendants, in their affidavits, stated that inmates commonly wrap their hands for fitness or medical purposes. (Doc. 153-4; 153-6 at p. 2). This evidence has not been controverted by Plaintiff. Finally, nothing in the record indicates that Ephion noticed Hamilton's hands were wrapped before she allowed him into Plaintiff's cell. Accordingly, the fact that Hamilton's hands were wrapped does not permit the Court to find deliberate indifference.

Plaintiff argues that Ephion, along with the other Defendants, knew that Hamilton was a dangerous inmate who had a history of violence and that Defendants should have supervised him more closely. (Doc. 158 at p. 3). It is true that closer supervision of Hamilton may have prevented the attack. However, this in itself does not prove that Ephion displayed deliberate indifference. The record is devoid of any indication that Ephion, by failing to closely supervise Hamilton, intended to cause

6

Plaintiff harm or was subjectively aware that Plaintiff faced any significant danger. There is no evidence that Ephion had any reason to anticipate that Hamilton, even assuming his tendency toward violence, would attack Plaintiff. There is no evidence that the two individuals had engaged in any prior altercations, and there is no evidence that Hamilton was a known enemy of Plaintiff prior to the incident.[4] Accordingly, the failure to more closely supervise Hamilton at most amounts to negligence.

Plaintiff asserts that the fact that Ephion, along with the other Defendants, allowed the inmates out of their cells during yard call without restraints demonstrates deliberate indifference. Plaintiff points out that this decision violated prison policy, which states "offenders housed in . . . extended lockdown will be restrained with handcuffs, waist chain, and leg shackles prior to being removed from their cells." (Doc. 158 at p. 7). Although the decision to permit Hamilton to be unrestrained may have violated prison policy, this alone is insufficient to demonstrate deliberate indifference. "A claim based on a [violation of a] prison regulation [*alone*] would not be cognizable under § 1983 because [a §1983 claim] must allege the deprivation of a right secured by the Constitution." *Mitchell v. Thomas*, 2018 WL 4572667, at *8 (M.D. La. Sept. 24, 2018). Accordingly, Plaintiff must show that Ephion and the other Defendants knew or should have known that releasing a prisoner unrestrained, which also violated prison regulations, would pose a substantial risk of serious harm to Plaintiff. Plaintiff has not provided evidence

---

[4] The Court notes that Hamilton was added to Plaintiff's known enemy list only after the incident on March 23, 2015. (Doc. 153-8 at p. 2).

indicating such. There is no indication that Hamilton's release during yard call, without restraints, had resulted in physical altercations in the past. *See Anderson v. Wilkinson*, Appx. 379, 382 (5th Cir. 2011) (declining to find a failure to protect where plaintiff had hot water thrown on him by another inmate where the record failed to show that incidents involving throwing hot water were common). Accordingly, Ephion's alleged violation of prison regulations is not sufficient to prove deliberate indifference.

### b. Smith, Franklin, and Vannorman

Smith, Franklin, and Vannorman were employed at Angola as prison guards and were present in Plaintiff's unit when the altercation took place. Their duties included supervising cellblocks, making sure policy directives were followed, and promoting inmate safety. (Doc. 153-4 at p. 1; Doc. 156-3 at p. 2; Doc. 153-6 at p. 2). Plaintiff asserts that all three officers are liable for failure to protect, because they were aware that prison regulations meant to protect inmates, such as restraining inmates outside of their cells, were routinely not followed. (Doc. 158 at p. 3). As previously noted, merely failing to follow prison policy is not sufficient evidence to support a failure to protect claim. Moreover, to the extent that Plaintiff alleges that these Defendants failed to supervise Hamilton properly, again, this alone is insufficient to support a failure to protect claim. Accordingly, Plaintiff's § 1983 claims against Smith, Franklin, and Vannorman are dismissed.

### B. State Law Negligence Claim

Defendant seeks to dismiss Plaintiff's state law negligence claim on the basis of sovereign immunity. The Eleventh Amendment to the United States Constitution bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. *Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 280 (5th Cir.2002). "By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." Cozzo, 279 F.3d at 281 (citing La. R.S. § 13:5106(A)). A suit for retrospective relief against a state official in his official capacity is treated as a suit against the state itself and as such, is barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff's complaint does not specify whether he is bringing suit against Defendants in their official or individual capacities. The Fifth Circuit has held that where a plaintiff brings a failure to protect claim against a prison official who was serving in his official capacity at the time of the incident, the claim is barred by the Eleventh Amendment, regardless of whether the complaint specifies that it is brought in an official or individual capacity. *Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990) (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984))). *Hughes* involved a suit by an inmate against a dormitory guard who he alleged failed to protect him against an attack by an inmate wielding a razor blade. *Id.* at 377. The Fifth Circuit held that even though the inmate did not specify the capacity in which he sued the guard, the guard was serving in his official capacity

while on duty in the inmate's cell block. *Id.* It was his responsibility to protect the inmate. Similarly, in the instant case, all Defendants were serving in their official capacity as prison guards in the Jaguar dorm. It was their responsibility to, *inter alia*, protect the inmates from one another. Accordingly, even though Plaintiff fails to specify in which capacity he brings suit, Fifth Circuit precedent dictates that the Court assume he is suing Defendants in their official capacity. As such, his negligence claims are barred by the Eleventh Amendment.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 153)** is **GRANTED.**

Baton Rouge, Louisiana, this 29th day of March, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA