UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SEDE BAKER                                                      CIVIL ACTION

VERSUS

TYRANISSUIN EPHION, ET AL.                NO.: 15-00838-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for A New Trial And/Or Motion to Amend or Alter Judgment (Doc. 165)** filed by Plaintiff Sede Baker. Defendants filed an opposition. (Doc. 167). For the reasons stated herein, Plaintiff's Motions are **DENIED**.

## I. BACKGROUND

On March 23, 2015, Plaintiff was an inmate incarcerated at the Louisiana State Penitentiary in Angola. (Doc. 158-1 at pp. 2-3). At roughly 8:40 a.m. the inmates in the Jaguar Dorm were released from their cells for yard call. (*Id.* at p. 3). Plaintiff alleges that all Defendants were in the Jaguar Dorm at the time of the release. (*Id.*). Plaintiff alleges that he was asleep in his cell at the time. (Doc. 158-2 at p. 1). Plaintiff's evidence supports two scenarios as to what occurred next. In the first scenario, inmate Norton Hamilton entered Plaintiff's cell while the cell doors remained opened for yard call. (*Id.*). In the second scenario, Defendant Sergeant Tyranissuin Ephion, who was working in the unit at the time, shut the cell doors with Plaintiff still inside and then, upon Hamilton's request, allowed Hamilton to enter

1

Plaintiff's cell. (Doc. 158-4 at p. 2). Either way, both parties agree that after Hamilton entered Plaintiff's cell, the two engaged in a physical alteration which allegedly resulted in Plaintiff suffering a dislocated shoulder, numbness in his hand, and continuing headaches. (Doc. 159-1 at pp. 4-5). Plaintiff filed suit pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights. Plaintiff also brought a state law claim for negligence for the Defendants' failure to protect him.

Defendants filed a motion for summary judgment (Doc. 153). The Court granted summary judgment on all of Plaintiff's claims (Doc. 159). Plaintiff filed the instant motion to reinstate the state law negligence claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(a)(1)(A) provides that the Court "may, on motion, grant a new trial on all or some of the issues – and to any party – ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The decision to grant or deny a motion for new trial is within the sound discretion of the trial court ...." *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

Rule 59 also provides that the Court may alter or amend a judgment. The Court However, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875

2

F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000).

### III. DISCUSSION

Plaintiff argues that the Court should grant a new trial in this matter and amend the Ruling and Order (Doc. 159) regarding the Eleventh Amendment immunity issue and find that the state law negligence claim is not barred. Plaintiff claims that the Court made an error in its finding that Plaintiff failed to state the capacity in which he sued Defendants. Plaintiff asserts that he specifically sued Defendants in their individual capacities in both his Second and Third Amended Complaints (Docs. 118 and 141), thus, his claims are not barred due to sovereign immunity. Defendants argue that the claims must remain dismissed because a claim that state officials violated state law while serving in their official capacities is a claim against the state, regardless of the capacity in which plaintiff sues.

### A. Motion for New Trial

Under Fed. Civ. R. 59, the Court may grant a new trial after a jury trial or a nonjury trial. As Defendants note in their opposition to this motion, Plaintiff's claims were dismissed by summary judgment; thus, a trial never took place. For this reason, the Court finds that Plaintiff is not eligible for a new trial.

### B. Motion to Amend or Alter Judgment

Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to produce newly discovered evidence. *Waltman v. Int'l Paper*

*Co.*, 875 F.2d 468, 473 (5th Cir.1989). The Court acknowledges that Plaintiff has correctly asserted that the Court erred in its Ruling and Order in stating that Plaintiff failed to state the capacity of which he sued Defendants. The record reflects that in both the Second and Third Amended Complaints, Plaintiff did plead that he was suing the Defendants in their individual capacities. (Doc. 118 at p. 2; Doc. 141 at p. 2). However, the Court finds that this error fails to provide a basis for the alteration or amendment of its Ruling and Order. The Court further finds, consistent with its Ruling and Order, that Plaintiff's specification of individual capacity liability still fails to overcome the Eleventh Amendment bar to his claim. The Court found that at the time of the incident giving rise to this claim, all Defendants were serving in their official capacities as prison guards. (Doc. 159 at p. 10). The United States Court of Appeals for the Fifth Circuit held that where a plaintiff brings a state law claim against a prison officer who was serving in his official capacity at the time of the incident, the claim is barred by the Eleventh Amendment, regardless of the capacity specified within the complaint. *See Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990) (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). "A claim that state officials violated state law in carrying out their official responsibilities is a claim against the state." *Id.* [1] The Court finds that Plaintiff has failed to establish a manifest error of law or fact, and has failed to point to newly

---

[1] The reasoning behind the Fifth Circuit's finding is that "the state is the real party in interest if the decision rendered in a case would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or to refrain from acting." *Hughes*, 902 F.2d at 378.

4

discovered evidence requiring the Court to amend or alter its Ruling and Order. Thus, Plaintiff's state law negligence claim remains dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motions are **DENIED**.

Baton Rouge, Louisiana, this 30th day of January, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**